**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KARL F. THOMPSON, Jr.,

Defendant - Appellant.

No. 12-30366

D.C. No. 2:09-cr-00088-FVS-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Argued and Submitted June 2, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and WHYTE, Senior
District Judge.[**]

**1.** The government does not challenge the district court's determination that

it suppressed exculpatory material by failing to disclose its full knowledge of the

opinions of its expert, Grant Fredericks. That failure, however, did not prejudice

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

Karl Thompson under *Brady v. Maryland*, 373 U.S. 83 (1963), as Thompson has not shown that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999).

Unlike the evidence at issue in *United States v. Olsen*, 704 F.3d 1172, 1184 (9th Cir. 2013), the evidence here could not have been used to impeach the government's expert at trial, since Fredericks did not testify. Further, the government's pre-trial disclosures put Thompson on notice of potentially favorable opinions in Fredericks' reports; Thompson was thus not deprived of the opportunity to develop a defense strategy that utilized those opinions. Finally, the non-disclosure did not impede Thompson's ability to cross-examine the government's witnesses. Almost all of Fredericks' opinions, to the extent they were favorable to Thompson, were "merely cumulative" of Thompson's own expert's opinions. *United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011).

**2.** The district court did not abuse its discretion in admitting testimony about the victim's behavior prior to and during the incident. *See Boyd v. City & Cnty. of S.F.*, 576 F.3d 938, 948 (9th Cir. 2009). Evidence that the victim was not fleeing or hiding from police undermined Thompson's claim that the victim used the soda bottle he was holding as a weapon. The evidence did not raise an undue

risk that the jury would impute knowledge of the victim's innocence to Thompson. *See id.* at 947–49.

3.  The district court did not err in instructing the jury.  The court's instructions correctly stated the intent requirement of 18 U.S.C. § 242.  As we have previously held, "'willfulness' encompasses reckless disregard of a constitutional requirement that has been made specific and definite." *United States v. Koon*, 34 F.3d 1416, 1449 (9th Cir. 1994) (internal quotation marks omitted), *aff'd in part, rev'd in part on other grounds*, 518 U.S. 81 (1996).

4.  The district court did not err in denying Thompson's motion for a new trial on the ground of alleged juror misconduct.  The juror's "off-the-cuff statement" about historical corruption in Spokane does not "resemble the type of 'extraneous information' this court proscribes." *Price v. Kramer*, 200 F.3d 1237, 1255 (9th Cir. 2000).  Even if the juror's isolated comment constituted impermissible extraneous information, Thompson has not shown "a reasonable possibility that the extrinsic material could have affected the verdict." *United States v. Mills*, 280 F.3d 915, 921 (9th Cir. 2002).

**AFFIRMED.**